UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

    Plaintiff,

v.

ALEMAYEHU AREGA JIMMA,

    Defendant.

CASE NO. MC18-0100RSL

ORDER TO SHOW CAUSE

On October 11, 2018, Alemayehu Jimma filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt. # 1. The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)), finds that the filing is deficient.

It is not entirely clear what relief Mr. Jimma is seeking. The complaint utilizes the form of criminal complaint published by the Administrative Office of the United States Courts, with a caption of United States of America v. Jennifer Gardner, *et al*. If, as appears to be the case, Mr. Jimma intends to initiate or prompt the initiation of a criminal complaint against the four persons or entities listed on the form, this action must be dismissed. A private citizen generally has no right to criminally prosecute anyone. Nor does the judiciary have prosecutorial powers. Rather, it is the executive

ORDER TO SHOW CAUSE

branch, in particular the United States Attorney's Office, that initiates criminal complaints in this district.

In the alternative, Mr. Jimma may be attempting to remove to federal court a state criminal proceeding that is pending against him in the Municipal Court of the City of Seattle. Mr. Jimma does not identify any authority for such a removal. Under 28 U.S.C. §§ 1442(a) and 1442a, state criminal prosecutions against an officer of the United States or its courts, an officer of either House of Congress, or a member of the U.S. armed forces may be removed to federal court. None of these circumstances is alleged in this case, however. Additionally, a criminal defendant may remove a criminal case to federal court if he seeks to assert a defense to the prosecution based on federal laws protecting equal civil rights but is prevented from doing so by a state statute or constitutional provision that purports to command the state courts to ignore federal rights. See 28 U.S.C. § 1443; Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir.2006). Mr. Jimma has not alleged a defense to the underlying criminal prosecution arising from statutory enactments protecting civil rights, and he has pointed to "no formal expression of state law that prohibits [him] from enforcing [such] civil rights in state court[.]" Id. at 999. Removal under § 1443 is not appropriate.

Finally, Mr. Jimma may be attempting to recover damages or obtain injunctive relief under 42 U.S.C. § 1983 against the City of Seattle and state officials for violations of his constitutional rights under the Fourth and Fourteenth Amendment. That possibility is not likely given that Mr. Jimma has filed a separate lawsuit against the Seattle Police Department arising from the alleged unlawful arrests that occurred on May 25, 2017, and January 3, 2018. See Jimma v. City of Seattle Police Department, C18-0771RSL. Nevertheless, if that were the case, this miscellaneous matter would be converted to a civil action and the allegations of the complaint would be evaluated under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662

ORDER TO SHOW CAUSE
-2-

(2007).

For the foregoing reasons, Mr. Jimma is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed. Mr. Jimma shall, within thirty (30) days of this order, file an amended complaint clearly identifying the nature of his claims and the relief requested. If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed without prejudice.

The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, December 7, 2018.

Dated this 1st day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE
-3-